**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| Landon Price, | ) |
| | ) |
| Petitioner, | ) Case No. 1:12-CR-19 |
| | ) |
| vs. | ) |
| | ) |
| United States of America, | ) |
| | ) |
| Respondent. | ) |

O R D E R

This matter is before the Court on Petitioner Landon Price's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.  Doc. No. 48.  For the reasons that follow, Petitioner's motion is well-taken and is **GRANTED.**

I. Procedural Background

In July 2012, Petitioner pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  The main issue at the time of sentencing was whether Petitioner had previously been convicted of three "violent felonies," and, consequently whether he was subject to a fifteen-year mandatory minimum sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), for his violation of § 922(g)(1).  The ACCA defines a "violent felony" as follows:

> the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

>   (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]

18 U.S.C. § 924(e)(2)(B).  Petitioner's predicate convictions at issue were a 1996 burglary conviction in Lorain County, Ohio, a 2004 conviction in Cuyahoga County, Ohio for assaulting a police officer, and a 2011 burglary conviction in Anderson County, South Carolina.

In calculating the advisory sentencing range, the probation officer agreed with the government that each of the convictions at issue was a violent felony.  Therefore, the base offense level for the § 922(g)(1) violation increased from 24 to 33 because the Sentencing Guidelines deemed Petitioner to be an armed career criminal.  See U.S.S.G. § 4B1.4; PSR ¶ 24.  Petitioner then received a three-point reduction for accepting responsibility and entering a timely plea for a final offense level of 30.  Petitioner had accumulated enough criminal history points to place him in Criminal History Category VI.  Because of the mandatory minimum sentence, those calculations produced an advisory sentencing range of 180 to 210 months of imprisonment.  Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties stipulated in the plea agreement that a sentence of 180 months of imprisonment was an appropriate sentence if the Court determined that Petitioner was subject to the ACCA.

Petitioner of course objected to the probation officer's determination that he was a an armed career criminal and to the application of the ACCA to increase his sentence.  Petitioner conceded that his 2011 South Carolina burglary conviction was a violent felony pursuant to the ACCA.  He contended, however, that neither his assault conviction nor his 1996 burglary conviction qualified as a violent felony.

At sentencing, most of the parties' and the Court's time was spent resolving whether Petitioner's assault conviction qualified as a violent felony because it involved piecing together and interpreting several state court journal entries. The Court, however, ultimately concluded that the assault conviction did qualify as a violent felony. Doc. No. 37, at 2-5. In rather less time, the Court concluded that Petitioner's 1996 burglary conviction qualified as well. Applying Taylor v. United States, 495 U.S. 575, 599 (1990), the Court found that this conviction is a "generic burglary" under § 924(e)(2)(B)(ii) because it has the basic elements of an unlawful entry into a building with the intent to commit a crime. Doc. No. 37, at 5. The Court, therefore, overruled Petitioner's objections to application of the ACCA to his case and sentenced him to a term of 180 months of imprisonment.

Petitioner appealed the Court's determination that his assault conviction and 1996 burglary conviction are violent felonies under the ACCA. United States v. Price, 559 Fed. Appx. 496 (6th Cir. 2014). The Sixth Circuit affirmed this Court's judgment in all respects. As is important here, however, the Court of Appeals did not affirm all of the Court's reasoning. Specifically, on appeal, the government conceded that Petitioner's 1996 burglary conviction is not a generic burglary because the Ohio statute proscribed conduct greater than the definition of generic burglary. Id. at 499. Nevertheless, the government argued, and the Court of Appeals agreed, that the 1996 burglary conviction is a violent felony pursuant to the so-called "residual clause" of the ACCA because "it otherwise creates a risk of physical injury similar to the risk posed by generic burglary." Id.

As is now well-known, after the Sixth Circuit affirmed Petitioner's sentence, the U.S. Supreme Court decided that the ACCA's residual clause is unconstitutionally vague and invalidated it. Johnson v. United States, 135 S. Ct. 2551 (2015). The Sixth Circuit in In re

3

Watkins, 810 F.3d 375 (6th Cir. 2015), and later the U.S. Supreme Court in Welch v. United States, 136 S. Ct. 1257 (2016), held that Johnson announced a new rule of substantive law that applies retroactively to cases on collateral review. Consequently, Petitioner is entitled to file a § 2255 motion to challenge the application of the ACCA to increase his sentence. 28 U.S.C. § 2255(f)(3); Wiegand v. United States, 380 F.3d 890, 891-92 (6th Cir. 2004).

In his motion, Petitioner notes that on direct appeal, the Sixth Circuit held that his 1996 burglary conviction qualifies as a violent felony pursuant to the now-defunct residual clause of the ACCA. Petitioner argues that since Johnson invalidated the residual clause and now applies retroactively, the 1996 conviction can no longer serve as a predicate violent felony to increase his sentence. Petitioner, therefore, argues that he is entitled to be re-sentenced according to the ten-year maximum penalty that otherwise applies to § 922(g)(1) convictions. See 18 U.S.C. § 924(a)(2).

The government responds that the state court documents underlying the 1996 conviction show that Petitioner committed "burglary of a dwelling." The government contends, therefore, that Petitioner is not entitled to relief because his 1996 conviction still qualifies as a violent felony under the ACCA because it is a generic burglary. In reply, Petitioner argues that the government is estopped from arguing that the 1996 conviction is a generic burglary because it conceded on direct appeal that this conviction is not a generic burglary and instead prevailed on its residual clause argument. Petitioner contends that the government had a chance to establish that this conviction is a generic burglary on direct appeal and, having specifically disclaimed that position before the Sixth Circuit, is foreclosed from making that argument now.

II. Standard of Review

4

To warrant relief under 28 U.S.C. § 2255, the petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. Watson v. United States, 165 F.3d 486, 488 (6th Cir. 1999). Relief is warranted only where a petitioner has shown "a fundamental defect which inherently results in a complete miscarriage of justice." Davis v. United States, 417 U.S. 333, 346 (1974).

Petitioner is entitled to an evidentiary hearing on his claim unless the record conclusively establishes that he is not entitled to relief. Smith v. United States, 348 F.3d 545, 550 (6th Cir. 2003). In this case, however, Petitioner's motion presents only a question of law for which no evidentiary hearing is required. The Court, moreover, concludes that Petitioner is entitled to relief on his claim even without benefit of an evidentiary hearing.

### III. Analysis

The Court agrees with Petitioner that his 1996 burglary conviction no longer qualifies as a predicate ACCA violent felony, albeit for slightly different reasons. Although Petitioner argues that the government is collaterally estopped from arguing that this conviction is a generic burglary, the Court concludes that either judicial estoppel or the law of the case doctrine precludes a finding that this conviction is a generic burglary.

The doctrine of judicial estoppel prevents a party from prevailing at an earlier point in the case by taking one position and then attempting to prevail at a later stage by taking the opposite position. New Hampshire v. Maine, 532 U.S. 742, 749 (2001). The Sixth Circuit has emphasized that judicial estoppel should be used sparingly against the government, particularly if the shift in position is the result of a change in public policy.

United States v. Owens, 54 F.3d 271, 275 (6th Cir. 1995). Judicial estoppel will be applied to the government "when it conducts what appears to be a knowing assault on the integrity of the judicial system." Id. (internal quotation marks omitted). Moreover, judicial estoppel must be limited to the precise argument presented by the government and presented to the Court. Id.

The law of the case doctrine holds that once issues are decided in a case, they should be reopened only in limited circumstances, such as substantially different evidence raised in a subsequent trial, a subsequent contrary view of the law by the controlling authority, or a clearly erroneous decision that would work a manifest injustice. United States v. Moored, 38 F.3d 1419, 1421 (6th Cir. 1994).

As Petitioner accurately points out, in his direct appeal, the government disclaimed any argument that his 1996 burglary conviction is a generic burglary under the ACCA. Indeed, the government specifically conceded that it is not a generic burglary. Instead, the government argued that this conviction is a violent felony under the residual clause. The Sixth Circuit apparently agreed with the government that this conviction is not a generic burglary[1] and definitely agreed that it is a violent felony under the residual clause. See Price, 559 Fed. Appx. at 499. Now that the residual clause is invalid, the government argues that Petitioner's 1996 conviction is a violent felony because it is a generic burglary.

---

[1] In noting the government's concession on the generic burglary issue, the Court cited United States v. Coleman, 655 F.3d 480 (6th Cir. 2011). See Price, 559 Fed. Appx. at 499. In Coleman, the Sixth Circuit held that Ohio's third degree burglary statute, Ohio Rev. Code § 2911.12(A)(3) is not a generic burglary under the ACCA. Id. at 482. Petitioner's 1996 conviction was for second degree burglary under Ohio Rev. Code § 2911.12(A)(1). The Court's citation to Coleman in Petitioner's appeal implicitly if not explicitly indicates a conclusion that § 2911.12(A)(1) does not qualify as a generic burglary either.

6

While the Court would not label the government's change of position in this case as a "knowing assault on the integrity of the judicial system" - that being extremely harsh terminology - the Court does believe that it is unfair for the government to have conceded that Petitioner's conviction is not a generic burglary on direct appeal and then try to rescind its concession now that the residual clause is unavailable. Therefore, even if judicial estoppel does not strictly apply, equitable considerations militate against permitting the government to argue that Petitioner's conviction is a generic burglary. In any event, even if judicial estoppel does not apply in this situation, the law of the case doctrine forecloses a determination that Petitioner's 1996 conviction is a generic burglary. As stated above, on direct appeal, the Sixth Circuit implicitly if not explicitly ruled that Petitioner's conviction is not a generic burglary. See, supra at 6 n.1. That ruling is the law of the case and binding on all parties. There are no circumstances which indicate that this ruling should be revisited. Moored, 38 F.3d at 1419.

Since Petitioner's 1996 conviction is not a generic burglary, and the residual clause is now invalid, Petitioner has only two predicate ACCA prior convictions. Consequently, he is not subject to the ACCA's mandatory minimum sentence and is entitled to relief from the sentence previously imposed by the Court. Instead, pursuant to Petitioner's Rule 11(c)(1)(C) plea agreement, the appropriate sentencing range for the offense of conviction is 77 to 96 months of imprisonment. Doc. No. 26, Plea Agreement ¶ 8.

Conclusion

7

**IT IS THEREFORE ORDERED THAT:**

1. Petitioner's motion to vacate, set aside or correct sentence **(**Doc. No. 48) is well-taken and is **GRANTED.**

2. The Court's case administrator is directed to set this matter for a status conference.

Date June 6, 2016                                     s/Sandra S. Beckwith
                                                                   Sandra S. Beckwith
                                                           Senior United States District Judge